(45 South. 94.)

No. 16,774.

STATE v. WILLIAMS.

(Dec. 2, 1907.)

1. CRIMINAL LAW — EVIDENCE — TRACKS ON GROUND.

Defendant was charged with murder. On the trial a witness testified that he had identified certain footprints near the scene of the homicide as those of the defendant by having the accused place his foot over the tracks upon the ground. Defendant moved the court to strike this testimony out, for the reason that that fact was not a reliable test. The court refused the motion, as the weight and effect to be given to the testimony was solely a question for the jury. *Held*, no error. The ruling is supported by State v. Graham, 116 La. 779, 41 South. 90.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 874.]

2. SAME—ACTS OF DEFENDANT—CONFESSIONS.

The sheriff of the parish of Calcasieu testified for the state that the defendant, while standing on the occasion of the funeral of the deceased by her coffin, denied recognizing the corpse of the deceased, and denied knowing a woman who then spoke to him, though he and deceased had boarded at her house. Defendant objected, on the ground that the statements were made by defendant under duress while in fear in the hands of the sheriff; that they were not free and voluntary; that they were not part of the res gestæ, and not in any manner closely connected with the case.

The court overruled the objections, stating that the statements were free and voluntary, not induced by fear, threats, hostile demonstrations, promise, or hope of reward; that defendant said nothing which incriminated him, but denied knowing or recognizing the deceased or the woman who spoke to him at the funeral; that the free and voluntary declarations of the accused and his entire conduct before and after the homicide were admissible in evidence; that, besides this, the accused had made the same statements as a witness on his own behalf on the trial. *Held*, there was no error in the ruling under the per curiam attached to the bill. The statements made were not a confession. There was nothing in them which could serve as a basis for excluding them on the ground that they were. State v. Picton, 51 La. Ann. 624–628, 25 South. 375; Marr's Crim. Jurisprudence, p. 659.

(Syllabus by the Court.)

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Edmund Dennis Miller, Judge.

Edmond Williams was convicted of murder, and he appeals. Affirmed.

Edwin Franklin Gayle and James Alexander Williams, for appellant. Walter Guion, Atty. Gen., and Leland Hugh Moss, Dist. Atty. (Lewis Guion, of counsel), for the State.

NICHOLLS, J. The defendant was tried and convicted for the murder of Alice Charles. He was sentenced to be hung, and has appealed.

The case is before the Supreme Court on two bills of exception.

The first bill recites that David J. Reid, sheriff of the parish of Calcasieu, being on the stand as a witness in behalf of the state, and having stated that he had identified footprints near the scene of the crime which it is alleged was committed in this case by placing the foot of accused over the footprints there found, defendant moved to strike out said testimony, and that the court instruct the jury to disregard it on the ground and for the reason that the test was made by the sheriff, David J. Reid, by having the accused place his foot over a track already on the ground; that that test was not a reliable test, because in the case of any shoes of the same number and make a change of outline in the footprint would not be sufficient to be distinguished.

The court refused to grant the motion to strike out, because, the judge stated, it was solely a question for the jury to say what weight such a proof was entitled to. The case was to a large extent dependent on circumstantial evidence.

The second bill recites that on the trial of the case David J. Reid, sheriff of Calcasieu, being on the stand as a witness of the state, was questioned, and made answer as follows:

"Q. Did you see the body of Alice Charles after it was carried to the Colored Church?
"A. At Gooseport?
"Q. At Gooseport!
"A. I did.
"Q. Where was the accused at that time?
"A. He was present standing alongside the corpse.
"Q. It was in the coffin at the time?
"A. It was.
"Q. Mr. Reid, did you have any conversation with the accused there at the side of the coffin of Alice Charles at that time?
"A. I did.
"Q. Can you repeat the substance of what passed between you and him at the time?
"A. I can.
"Q. Please state what it was."

Defendant objected to the question because any conversation that may have occurred between the accused and the officers of this parish or any other persons at this time was carried on while the accused was under duress and in custody of the officers and in great fear, and for the further reason that it was not part of the res gestæ and not so closely connected with the offense charged as to be admissible in evidence. The court withheld its ruling until further evidence could be adduced on the matter. The district attorney, after further examination of the witness, again propounded the question:

"Please state the substance of what was said."

Defendant objected on the ground and for the reason that such conversation was irrelevant and immaterial; that it was not free and voluntary; that the statements of the accused were made under the influence of immediate bodily fear; that they were not a part of the res gestæ, and not in any manner closely connected with the case. The court witheld its ruling until further examination of the witness, and then permitted said witness to testify to the conversation between said witness and the accused there in the Gooseport Church before the bier of the deceased, Alice Charles.

Defendant's objections were overruled by the court, which assigned the following reasons for its ruling:

The declarations were free and voluntary, and not induced by fear, threats, hostile demonstrations, promise, or hope of reward or immunity from punishment or the hope thereof, or anything which caused him to do anything or to say anything which he would not otherwise have done or said. It will be observed from the testimony attached that he said nothing which incriminated him, but only denied knowing or recognizing the dead woman as Alice Charles, and also denied knowing the woman Annie Williams, the woman who is said to have stepped up and asked if he knew her. The state was to a large extent depending upon circumstantial evidence for conviction and the entire conduct and the free

and voluntary declarations of the accused, both before and after the homicide were permissible in evidence. But even if such ruling was erroneous, as contended, it was entirely cured by the action of the accused himself whilst upon the stand.

He testified that Alice had been his woman (concubine) for two years, and that he knew her well, and then and there reiterated, under oath, his said former declarations that he did not know and did not recognize the dead woman as Alice Charles and again denied knowing the woman Annie Williams, with whom he and Alice had boarded, so that what he said at the church, under the circumstance detailed in the testimony of Sheriff Reid, cannot, in the least, be said to have prejudiced his case. The verdict of the jury is supported by the proof in the case, and his guilt fully established.

The rulings complained of in each of the two bills of exception just copied were correct. The first ruling was directly supported by that of this court in State v. Graham, 116 La. 779, 41 South. 90. The testimony of Reid, sheriff, as to what was said by the defendant Williams on the occasion of the funeral of Alice Charles, was properly received. What he there said was not a confession of guilt. On the contrary, it was intended by him to be the very reverse, though, when sworn to be false, it could be and was used against him, as criminating facts, just as flight could be used as tending to show guilt. There was nothing in the situation when those statements were made, nor in the statements themselves, which could serve as a basis for excluding them on the theory that they were confessions on his part. Marr's Criminal Jurisprudence, p. 659; State v. Picton, 51 La. Ann. 624–628, 25 South. 375.

We find no ground for setting aside the verdict.

The judgment is correct, and it is hereby affirmed.