MOISE, Justice.
William Campbell was convicted for attempting to commit simple burglary. Having been previously convicted of the crime of forgery, he was sentenced as a second offender, to serve a term at hard labor in the State Penitentiary for 24 months. From this sentence and judgment of conviction he has appealed.
Counsel for, the accused urges in his two bills of exception the following:
(1.) That an oral admission of defendant was offered in evidence without the showing that such was free and voluntary, and (2.) that the admission was received by the court without the establishment of a proper foundation by a prima facie showing of the corpus delicti.
All of the evidence adduced at the trial was incorporated in the bills of exception. The accused introduced no evidence.
The first bill of exception discloses the admission of the accused that he had broken the pane of glass in the church property (which structure housed the church records, a small sum of money and served as the quarters of the caretaker). He further stated that his reason for doing so was to see the caretaker whom he had heard was a “queer”. This evidence was elicited by Lt. Lennie, while the accused was receiving medical attention'for a lacerated wrist at Touro Infirmary, after having been traced there from the scene of the crime by a trail of blood. (Through *1043 inquiry it was ascertained that the accused was at the institution above named).
Counsel for the accused contends that it was mandatory on the State to show that this statement was free and voluntary. In analyzing what was said, what was done, and the locus of the interview, we do not share such a view. What was said and done at Touro Infirmary was in no sense a confession of the crime charged. Defendant admitted that he broke a pane of glass on the church property. This was not a confession of guilt. It was merely the acknowledgment of a fact tending to establish guilt. The Louisiana Code of Criminal Law and Procedure speaks: “The 'term ‘admission’ is applied to those matters of fact which do not involve criminal intent * * * ” and “the term ‘confession’ is applied only to an admission of guilt, not to an acknowledgment of facts merely tending to establish guilt”. Article 449. Here the Code in exact terms makes a distinction between a confession and an admission. The latter part of the accused’s statement was that he went to see the caretaker, whom he had heard was a “queer”. On examination of this statement, -it strikes us that one would hardly go to church to find a “queer”. The statement is exculpatory and the jury did not believe it.
'Paraphrasing the language in the case of State v. Williams, 120 La. 175, 179, 45 So. 94, there was nothing in the situation when the statement was made nor in the statement itself which could serve as a basis for excluding it on the theory that it constituted a confession on the part of the accused. Marr’s Crim.Juris, p. 659; State v. Picton, 51 La.Ann. 624, 628, 25 So. 375. The ruling of the trial judge is manifestly correct and needs no argument to sustain it.
The second point urged and made manifest in a bill of exception is that the admission was received without a prima facie showing of the corpus delicti. Assuming that such a showing is necessary, reference to the record indicates that there was a prima facie showing of the corpus delicti through the testimony of the Pastor of the Church, and further, by the testimony of the police officers regarding their findings, upon the arrival at the scene. The testimony of Lt. Lennie as to his findings, is as follows: “A. Went to the rear of the premises going through an iron gate, back a hallway on the side of the building, facing Jackson Avenue, to a small rear porch, there’s a door leading to the porch, and just next to where the lock is a glass pane had been broken. There was signs of blood on inside the lock as well as the glass. It is (was) also on the floor. From there we traced the blood off the porch around the rear of the premises to the hallway on the upper side, out the gate, across .Chippewa St., up to Philip Street and back Philip to Magazine, down Magazine to Jackson Ave., where we met Officers Daly and King.” These officers, on inquiry *1045 eventually found the accused at Touro Infirmary. The combined testimony as to the findings at the scene of the crime, and particularly Lt. Lennie’s testimony as to the pane being broken just opposite the lock, is sufficient proof of the corpus delicti for the crime of attempted simple burglary, We find no grounds for setting aside the verdict.
The judgment of conviction and sentence is affirmed.
HAWTHORNE, J., absent.