# Birmingham Union Street Railway Co. *v.* Ralph.

*Action against Street Railway Company, for Damages on account of Personal Injuries.*

1. *Struck jury.*—When a struck jury is demanded and ordered (Code, § 2752), and the number of persons summoned is reduced from twenty-four to twelve, if one of them is then excused by the court for good cause, the panel should again be filled up to twenty-four, and the court has no power to order talesmen to be summoned one by one from the persons whose names have been struck off.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES B. HEAD.

This action was brought by the appellee, Sarah E. Ralph, against the appellant railway company; and sought to recover damages for personal injuries, alleged to have been caused by the negligence of the defendant. The complaint contains but one count; and after alleging that the defendant, on the day of the accident, was operating a street car line in the city of Birmingham, and that plaintiff was a passenger on one of its cars, it alleged that plaintiff was injured by the derailment of the car in which she was riding, which derailment was caused by the defendant negligently obstructing the track of said railroad, or negligently failing to remove said obstruction, or negli-

18

[Birmingham Union Street Railway Co. v. Ralph.]

gently allowing its road bed and track to remain in a defective and dangerous condition. The defendant pleaded the general issue.

The testimony of the plaintiff tended to show that, at the time of the alleged injury, she was a passenger on one of the defendant's cars, drawn by mules, and that at a certain point within the corporate limits of the city of Birmingham, the car on which she was riding was derailed, and dropped down several inches into a sewer which had been dug out by the city, but had been filled up that afternoon; and that the dropping of the car, and consequent derailment thereof caused the injuries complained of. There was also testimony tending to show that the alleged injury was caused by the careless management and driving of the car in which plaintiff was riding by an employé of the defendant, and by some defect in the track of defendant.

The testimony of the defendant tended to show that the city authorities had been constructing a sewer across the street on which the accident occurred, during the afternoon of the night on which it occurred; that the car was derailed some ten or fifteen feet from where plaintiff was injured; and that while the driver of said car, in the usual and customary way, was causing the car to be pulled slowly along in order to get it back on the track, the car struck the sewer, which had been filled in that afternoon, and the wheels of the car went down 8 or 10 inches causing the injury to plaintiff. The evidence for the defendant further tended to show that the cause of the car going down into the sewer was from the fact that the dirt had not been filled and rammed into the sewer as it should have been; and that neither the defendant nor his driver had any notice that the dirt had not been properly rammed and packed in said sewer until the accident.

Upon the evidence as adduced, the defendant requested the following written charges to be given to the jury, but the court refused to give them, and the defendant duly excepted to each refusal. (1) "That if the jury believe from the evidence that the injury to plaintiff was caused by a failure of the city authorities to fill the sewer in a proper manner, and that the defendant did not have knowledge that the sewer had not been filled in a proper manner, then, I charge you, you must find for the defendant." (2) "That if the jury believe from the evidence that the injury was proximately caused by a failure to pack the dirt in the sewer by the persons working for the city, then, I charge you, you must find for the defendant, as the law did not require defendant to anticipate that the city authorities had not filled the sewer in a proper manner."

[Birmingham Union Street Railway Co. v. Ralph.]

The ruling of the court upon the formation of the jury is sufficiently shown in the opinion. There was judgment for the plaintiff, and defendant appeals.

HEWITT, WALKER & PORTER, for appellant.—The lower court erred in its rulings in impanelling the jury.—*Adams v. Thornton*, 82 Ala. 260. The court erred in not giving the charges requested by defendant.—114 Mass. 63 ; 27 Mo. 240 ; 96 Penn. St. 83 ; 2 Sherman & Redfield on Neg., §§ 494, 500.

BOWMAN & HARSH, *contra.*—There was no error in the rulings of the court in the formation of the jury.—*K. C. M. & B. R. R. Co. v. Smith*, 8 So. Rep. 43. There was no error in the refusal to give the charges requested by defendant.—30 Am. & Eng. Corp. Cases, 617 ; 41 *Ib.* 114.

COLEMAN, J.—The plaintiff demanded a struck jury, and, in accordance with the statute, a list of twenty-four jurors in attendance upon the court was furnished, from which a jury of twelve was obtained, by the attorneys striking one from the list until twelve were stricken off, and the jury then selected was called to the jury box, when one of the jurors stated to the court, he was too unwell to sit as a juror ; and against the objection of the defendant, the sick juror was excused, reducing the number of jurors to eleven. Thereupon, the court ordered the sheriff to call one of the jurors who had been struck from the list. The defendant objected to the order of the court, and, his objection being overruled, the sheriff called one of the jurors who had been stricken off by the defendant from the list; and this juror was put upon the defendant, who then peremptorily challenged him. The same order was repeated by the court; and the same proceedings had, until the defendant's challenges were exhausted—in each instance the juror called by the sheriff being one that defendant had stricken from the list. The fifth juror called was put upon the jury, completing the jury, against the objection of the defendant.

Section 2752 of the Code provides that, " in all actions triable by jury, either party may demand a struck jury, and thereupon the sheriff must furnish a list of twenty-four jurors, from which the struck jury must be obtained; and the jury thus obtained must not be challenged for any cause, except bias or interest in the particular case." There were but twenty-four jurors in attendance upon the court. Exceptions were severally reserved to the action of the court, as each juror was called by the sheriff, and before he was challenged.

Did the court err in ordering the sheriff to call a juror from

those who had been stricken from the list, and in putting him upon the defendant? The right to a struck jury, upon the demand of either party, is clearly secured by statute. If there should be a less number in attendance than twenty-four, it is the duty of the court to complete the list of competent and qualified persons to twenty-four, before the process of rejection or striking off should commence.—*Kansas City R. R. Co. v. Smith*, 8 Vol. So. Rep. p. 43 (This case is reported in 90 Ala. 25, but no facts are stated to show the application of the principle. These are stated in the So. Rep.) Or, if there should be twenty-four in attendance, and from any cause the number is reduced to less than twenty-four, the panel should be filled up to twenty-four, from which list the jury should be struck. If the regular jurors in attendance upon the court should exceed twenty-four, the panel of twenty-four should be completed from the regular jurors. If by reason of challenge, or for other reasons, there should be a less number than twenty-four of the regular jurors in attendance, from which the list of twenty-four could be furnished, the deficiency should be made up as in other similar cases, and the struck jury then obtained in the manner prescribed by statute.—*Adams v. Thornton*, 82 Ala. 263; Proffatt on Jury Trials, § 73. When the jury of twelve had been obtained in the present case, and the court excused one of them, before the cause was submitted, the court should have had the panel filled up to twenty-four names, and ordered a new jury to be struck.—82 Ala., *supra*. By directing the sheriff to summon jurors from those who had been stricken from the list, and placing them upon either the plaintiff or the defendant against objection, the court thereby deprived such party of the statutory right to a struck jury. The right of challenge and its exercise can not be held a waiver, as the defendant objected and continued to object, and in each case excepted to the action of the court. The facts of this case illustrate the injury and disadvantage to which a party may be subjected by the result of the course pursued. The court had no authority to direct the sheriff which particular juror he should summon. The order was general, and under this general order, the sheriff summoned five jurors, each of whom had been stricken from the list by the defendant, and not one who had been stricken off by the plaintiff. This probably was accidental, but it nevertheless occurred, according to the bill of exceptions.

Each of the charges asked for by the defendant, when referred to the evidence, was properly refused. The city, if defending the present action, doubtless would say it was not bound to and could not anticipate that the defendant's cars

[Ala. Midland Railway Co. v. Williams.]

would be derailed just before reaching the sewer. Both city and defendant may have been to blame, and possibly neither. We express no opinion, as the case must be reversed for the error in impanelling the jury.

Reversed and remanded.