## HUMPHREY *v.* STATE.

### Opinion delivered March 25, 1905.

1. JUROR—PERIOD OF SERVICE.—Under Kirby's Digest, § 4529, providing that "the term of service of any person summoned to serve on the petit jury in the circuit court shall be limited to four weeks, and no person serving for such time shall be eligible for further service during that term or the next succeeding term," four weeks' actual service is necessary to render a person ineligible for further service during the term for which he was impaneled. (Page 555.)

2. EVIDENCE—OPINION AS TO SIZE OF BULLET.—Where, in a murder trial, there was a question whether defendant, using a thirty-eight calibre pistol, fired the shot which killed deceased, and evidence of an expert was admitted to the effect that the wound which caused death was made by a thirty-eight calibre pistol, it was error to refuse to permit other experts to prove that from an examination of the wound one could not tell the exact size of the bullet used. (Page 555.)

3. CONSPIRACY—INSTRUCTION.—An instruction as to the liability of conspirators for a killing by one of them was improperly given unless there was evidence that the killing was in furtherance and prosecution of a common design or plan previously entered into. (Page 557.)

Appeal from Jefferson Circuit Court.

ANTONIO B. GRACE, Judge.

*S. J. Hunt* and *Havis Nixon*, for appellant.

The defendant should not have been compelled to accept or reject persons from a panel who the law says are not eligible. Kirby's Dig. § § 4529, 4509. It was error to introduce the paper purporting to be the dying declaration of deceased. 70 Ark. 157; 2 Ark. 229; 39 Ark. 221. The questions propounded to witnesses, Adams and Wallace, were improper. 53 Ark. 394; 54 Ark. 25. It was error for the court to intimate his opinion of testimony given by a witness. 71 Ark. 113. It was error

to refer to defendant's failure to testify.   58 Ark. 473; 65 Ark.
625; 123 Ill. 333; 72 Mich. 367; 84 Ind. 563; 14 S. W. 603;
16 S. W. 543; 16 So. 490; 62 Ia. 108.

*Robert L. Rogers, Attorney General,* for appellee.

The dying declarations of deceased were properly admitted.
29 Am. & Eng. Enc. Law, 770; 77 Ind. 66; 8 Tex. App. 1;
4 Am. & Eng. Enc. Law, 871.

BATTLE, J.  Solomon Humphrey was convicted in the
Jefferson Circuit Court of murder in the second degree.   His
punishment was assessed at twenty-one years in the penitentiary.
He appealed to this court.

The September term, 1904, of the Jefferson Circuit Court,
at which the defendant was convicted, commenced on the 19th
of September, 1904.   On that day the petit jury for that term
was excused until October 3 following, and on October 8,
the court adjourned until October 24, and on the 9th day of
November following this cause was called for trial, and the
defendant moved to discharge the petit jury, because the members
thereof were not eligible for further service at that term; and
the court overruled it.   This motion was based on the statute
which provides:  "The term of service of any person summoned
to serve on the petit jury in the circuit court shall be limited to
four weeks, and no person *serving for such time* shall be eligible
for further service during that term or the next succeeding
term."   Kirby's Dig. § 4529.   Under this statute four weeks'
actual service was necessary to render a person ineligible for
further service during the term for which he was impaneled.
In this case the jurors had not served four weeks, and were
eligible.

Evidence was adduced tending to prove the following and
other facts:  The person for the murder of whom the defendant
was indicted was William Graeves.   On the 23d of July, 1904.
the deceased, Major Koonce, Solomon Humphrey and many
others assembled near Linwood, in Jefferson County, in this
State, where there was a dance.   The musicians were seated in
a wagon.   While the dance was in progress Koonce climbed
into the wagon, and some one pulled him out.   He said he was

drunk, and fell out. Be this as it may, he did fall, and arose and walked three or four steps, stopped and stood awhile as if thinking. At this time Humphrey approached him, and asked him if he was hurt, and he replied, "No." Humphrey insisted that he was, Koonce then drew a pistol, and commenced firing, and fired three times. About this time Humphrey said, as a witness expressed it: "He was going to break a 38 off in some of you negroes yet." When he said this, he drew a pistol. William Graeves, a deputy constable, then undertook to stop the shooting, when Humphrey fired a pistol two or three times. Others followed, and fifteen or twenty shots were fired. When Humphrey fired, Graeves cried out he was shot. He was mortally wounded, and died on the second day thereafter. The evidence tended to prove that Humphrey did the killing. Graeves, while laboring under the apprehension of impending death from the injury received, said that Humphrey shot him. J. B. Holmes, a physician, testified that he examined the wound closely, and that, in his opinion, it was made by a 38-calibre pistol ball." The defendant offered to prove by J. S. Goree, Z. Orto, O. W. Clarke, N. T. Williams and J. C. Jordan, five physicians, that they could not, after examining the wound made in the body by the firing of a pistol or gun, tell the exact size of the bullet used, or whether it was made by a 38 or 45-calibre pistol; and the court refused to allow him to do so.

The court instructed the jury, over the objections of the defendant, as follows:

"You are instructed that if you believe from the evidence, beyond a reasonable doubt, that Major Koonce and Solomon Humphrey were jointly engaged in pursuance of a common design in firing their pistols in the crowd assembled at the picnic at the time Will Graeves was killed, with the felonious intent to kill the said Will Graeves, and the said Will Graeves was killed by a pistol shot fired by either of them, and they at the time did not act in necessary self-defense, then it is immaterial which of said defendants fired the shot that caused the death of the deceased, but if both of them were present, aiding and abetting each other, then the law imputes the injury caused by one to the other."

The court erred in refusing to admit the testimony of the physicians offered by the defendant.  The evidence adduced by the State tended to prove that Humphrey fired a 38-calibre pistol at the deceased.  The testimony of Dr. Holmes that he examined the wound of which Graeves died closely, and that in his opinion it was inflicted by a 38-calibre pistol, in connection with this evidence, tended to prove that Humphrey killed the deceased. The rejected testimony tended to disprove the statement of Dr. Holmes, and should have been admitted.  Its rejection was prejudicial.

The objection urged against the foregoing instruction is that there was no evidence upon which to base it.  As to it, it is sufficient to say that it should not have been given unless there was evidence showing that the shooting by Koonce and Humphrey was in furtherance and prosecution of a common design or plan previously entered into by them.  *Green* v. *State,* 51 Ark. 189.

Reversed and remanded for a new trial.