LAND, J.
Defendant was charged by information with shooting one William E. Perkins with a certain dangerous weapon, to wit, a pistol, with felonious intent to kill and murder.
Defendant was tried, convicted, and sentenced to the State Penitentiary at hard labor for 21 years, and has appealed, relying on three bills of exception.
Bill No. 1.
W. E. Perkins, the prosecuting witness, having been asked whether the wound inflicted on him was made by a pistol, rifle, or shotgun, answered that he supposed that it was a pistol from the report it made. The witness further testified that he was 59 years of age, had been a hunter in his time, and had been familiar with' the report of firearms ever since he could remember. In answer to questions on cross-examination the witness replied:
“I just suppose it was a pistol from the report. * * * I can be sure that it was a pistol in my own min'd.”
Counsel for defendant moved that the testimony be stricken out on the ground that it was the opinion or conclusion of the witness. This motion was overruled, and defendant excepted.
The witness was familiar with firearms, and was therefore qualified to express an opinion as to what kind of weapon produced the report heard by him when he was wounded. The sufficiency of the testimony is another question.
Bill No. 2.
W. W. Parque, a witness for the state, testified that he took a shoe off of the foot of the accused and placed it in certain shoe tracks found at the scene of the shooting, and that the shoe fitted the track “exactly.” Counsel for the defendant thereupon moved the court to strike out the answer and to instruct the jury to disregard the same, on the ground that such a, comparison could not be legally made until measurements of the track and the shoe had first been taken by the witness. *782 This motion was overruled on the ground, first, that there was no such law ;. and, second, because the objection went to the effect of the evidence.
We think that the ruling was correct. The quotation from Wills on Circumstantial Evidence, p. 126, shows that the English judges did not, in similiar cases, rule out evidence of identification, where no previous comparison had been made, on the ground of inadmissibility, but considered such evidence insufficient to prove identity, and so instructed the jury.
We are not advised that this rule of practice has been followed in the United States, and it cannot be adopted in the state of Louisiana as long as our laws leave the question of thesuffieiency of evidence solely to the jury.
Whether the comparison between the shoe and the track was made in such a manner as to secure accuracy was a question of fact for the jury, and not the trial judge.
Bill No. 3.
The sheriff, as a witness for the state, testified that certain tracks were found under the window through which the shot was fired, and that he brought the accused to the spot and made a comparison by putting his feet, first the right and then the left, in the tracks, which had been cautiously preserved by coverings. The sheriff further testified that no force was used, and that the accused made absolutely no objection to the experiment, and at its conclusion agreed that his shoes fit the footprints perfectly. Defendant’s counsel objected to the admissibility of the testimony on the grounds, first, that no measurements, of the feet of the. accused and of the footprints had been made as required by law; and, second, on the ground that defendant could not be compelled to testify against himself, and that the test in question was nothing more than a compulsory áttempt to force defendant to furnish evidence against himself.
The argument for the defense assumes that the evidence furnished by the comparison of the feet of the accused with the footprints was in the nature of a confession. If so, the accused consented, without the exercise of any force or duress on him, to make the comparison. If he had the privilege of refusal he did not exercise it.
Wigmore, in his recent work on Evidence, states that testimonial compulsion is the kernel of the privilege against self-crimination, and that bodily exhibition and muscular exertion are not within its protecting scope. Sections 2263, 2265.
This author cities with approval State v. Graham, 74 N. C. 648, 21 Am. Rep. 493, where the court held that evidence was admissible to show that the officer took off the shoes of the prisoner and compared them with the tracks in the cornfield, and required him to put his foot in the track. In that case the court held that it was unnecessary to decide whether or not the officer might have compelled the prisoner to put his foot in the tracks, if he had persisted in refusing to do so. See Walker v. State, 7 Tex. App. 254, 32 Am. Rep. 595, to the same effect.
In Day v. State, 63 Ga. 669, it was held that testimony that a witness forcibly placed the prisoner’s foot in certain tracks was inadmissible. There is no such case before us. It has been held in a number of cases that a prisoner’s shoes or boots may be taken, off for the purpose of comparison with certain tracks. See Wigmore, supra, notes. The tendency of the more modern case is to restrict the constitutional privilege against compulsory self-crimination to confessions, and admissions proceeding from the accused, and to open the door to the reception of all kinds of “real evidence,’’ or proof of physical facts, which speak for themselves.
In none of the American cases, as far as we *784 are advised, has it ever been intimated that proof of prior measurements is required before a witness can be permitted to testify as to the result of a comparison between the foot of the defendant and tracks found at or near the scene of the crime. The quotation from Wills on Circumstantial Evidence is a rule of sufficiency, rather than of admissibility, of evidence.
Judgment affirmed.