(81 South. 810)
### WOODWARD IRON CO. v. GAMBLE.
(6 Div. 890.)

(Supreme Court of Alabama.   May 1, 1919.)

MASTER AND SERVANT ⟐139 — INJURIES TO
SERVANT—NEGLIGENCE OF MASTER — PROXI-
MATE CAUSE.

Where as directed by his superior to whose
order he was bound to conform (Code 1907, §
3910, subd. 3) an electrician's helper in a mine
alighted from a moving coal car, and while
walking beside it was thrown beneath the car
by the body of his superior, who attempted to
alight, but was carried along with the car be-
cause a bolt caught in his clothing, the order
to alight was not the proximate cause of the in-
jury.

Appeal from Circuit Court, Jefferson Coun-
ty; C. B. Smith, Judge.

Action by John Gamble against the Wood-
ward Iron Company, for damages for in-
juries received while in its employ. Judg-
ment for plaintiff, and defendant appeals.
Transferred from Court of Appeals under
section 6, p. 449, Acts 1911. Reversed and
remanded.

The second count is as follows:

, Plaintiff claims of the defendant damages for
that heretofore defendant operated a mine in
Jefferson county, Ala., and that in connection
therewith in said mine operated said cars on a
railway propelled by an electric motor, and on
said day, while plaintiff was in employ of the
defendant in and about said mines as an elec-
trician's helper in and about the duties of his
employment, he took passage or rode upon a
car so propelled, and plaintiff says that as he
was in the act of alighting from said car, or
immediately after he had alighted therefrom,
he was thrown or caused to fall, and his foot
was caught beneath said car, and said car ran
over plaintiff's foot. (Here follows catalogue of
injuries.) Plaintiff avers that he suffered said
injury and damage by reason and as a proxi-
mate consequence of the negligence of some
person in the service or employment of the de-
fendant, who had superintendence intrusted to
him, to wit, John Green, whilst in the exer-
cise of such superintendence, in that said super-
intendent negligently caused or allowed plain-
tiff to so fall or be thrown.

The following is count 4:

Plaintiff claims of the defendant the sum of
five thousand ($5,000.00) dollars as damages,
for that heretofore, on, to wit, the 19th day
of July, 1917, the defendant operated a mine
in Jefferson county, Alabama, and in connec-
tion therewith in said mine operated cars on a
railway propelled by an electric motor, and on,
to wit, said day, while the plaintiff was in the
employment of the defendant in and about said
mine as an electrician's helper, in and about
the duties of his employment, he took passage
or rode upon said car so propelled, and plain-
tiff says that, as he was in the act of alighting
therefrom, he was thrown or caused to fall, and
his foot was caught beneath the said car, and

the said car ran over plaintiff's foot, and as
a proximate consequence thereof plaintiff's foot
was badly mashed, the bones broken, he was
bruised about the body and made sore and sick,
and caused to suffer great physical and mental
pain and anguish, was rendered unable to work
and earn money, he was permanently injured
and rendered permanently less able to work and
earn money, and plaintiff was put to great ex-
pense for medicines, medical care, and attention
in and about his efforts to cure his said wounds
and injuries.

Plaintiff avers that he suffered said injuries
and damage by reason and as a proximate con-
sequence of the negligence of some person in
the service of the defendant; to wit, John Green,
to whose orders or directions the plaintiff, at
the time of his injury was bound to conform
and did conform, said injuries having resulted
from him so conforming, in that said John
Green negligently ordered the plaintiff to throw
off the tools at said place, and plaintiff con-
formed to said order, which said injuries result-
ed from his so conforming.

V. J. Nesbit, of Birmingham, for appel-
lant.

Beddow & Oberdorfer, of Birmingham,
for appellee.

SAYRE, J. The report of this appeal will
show count 4 of plaintiff's (appellee's) com-
plaint.

Plaintiff was an electrician's helper in
defendant's mine. John Green, plaintiff,
and another, were going on an electrically
drawn empty coal car, an ordinary coal car,
to repair the trolley wire at a point indicated
as entry 44 East. At that point an electric
light illuminated the surroundings. About
50 yards before the car reached the light
John Green, alleged to be a person in the
employment of defendant to whose order
plaintiff was bound to conform (Code, §
3910, subd. 3), said: "Throw off your tools
where the light is; that is where we get
off." This was the order on which plaintiff
counted. At the point designated plaintiff
threw off his bag of tools, and himself safe-
ly alighted from the car, and was walking
along by the side of it. At that time the
car was moving about as fast as a man
could walk, and thereafter came to a stop in
about a car length. In the meantime, how-
ever, John Green attempted to alight from ,
the car; but an iron bolt, projecting about
an inch above the surface of the car, caught
in his clothing, so that he was unable to
alight immediately and was carried along
until his body came into contact with plain-
tiff, knocking him down, whereby one of
his feet was caught beneath a wheel of the
car and injured.

If it be conceded that questions whether
the order to alight from the car may have
been properly accepted as an order to alight
while yet the car was in motion, whether
plaintiff was bound to conform to the orders

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of John Green, and whether in general the order was negligently given raised issues necessary to be submitted to the jury, we are of opinion that it cannot be said that plaintiff's injury resulted in a. legal sense proximately from the order. The order, as far as it went, was safely executed; but the event disclosed the fact that, upon the concessions stated above, it placed plaintiff in a situation where he was injured as the result of a most extraordinary sequence of events. In order to fix defendant's liability it must appear—the evidence must afford reasonable warrant for a finding—that, as in broad terms the rule is generally stated, plaintiff's injury flowed in natural and continuous sequence from the negligence charged. Mr. Street, in his work on the Foundations of Legal Liability, affirms that the question whether damage claimed is proximate or remote, recoverable or nonrecoverable, "is always to be determined on the facts of each case upon mixed considerations of logic, common sense, justice, policy, and precedent. * * * The best use that can be made of the authorities on proximate cause is merely to furnish illustrations of situations which judicious men upon careful consideration have adjudged to be on one side of the line or the other." Vol. 1, p. 110. However, as noted in Briggs v. B. R., L. & P. Co., 188 Ala. 262, 66 South. 95, this court, following substantially the text of 1 Shearman & Redfield on Negligence (6th Ed.) § 29, where the rule is stated as the necessary result of the latest and best decisions, has adopted the following formula of practical utility:

"A person guilty of negligence is responsible for all consequences which prudent and experienced men, fully acquainted with all the circumstances which ·in fact existed, whether they could have been ascertained by reasonable diligence or not, would, at the time of the negligent act, have thought reasonably possible to follow, if they had occurred to his mind." Armstrong v. Montgomery Ry. Co., 123 Ala. 233, 26 South. 349.

The connection between the negligence charged and the injury suffered may be broken by an intervening cause, and such connection is to be considered as broken if the intervening event is one which, in the natural and ordinary course of things, may not be reasonably anticipated. 1 Shear. & Redf. § 32. These attempts at definition may appear to define the proximity of a result by reference to the elements of the negligence from which the result is alleged to have flowed; but that seems unavoidable in any definition capable of practical use in trial courts; and in so philosophical a work as Pollock on Torts we find the author discussing the question of proximate or remote cause and making useful reference to Blyth

v. Birmingham Waterworks Co., 11 Ex. 781, though himself noting the fact that the question there was not really one of remoteness of damage, but whether there was any evidence of negligence at all. Pollock on Torts, 42. The case to which he thus refers was quoted in Southern Railway Co. v. Carter, 164 Ala. 103, 51 South. 147, to this effect, in part:

"If men went about to guard themselves against every risk to themselves or others which might by ingenious conjecture be conceived as possible, human affairs could not be carried on at all."

The same case was twice cited in Matson v. Maupin, 75 Ala. 312. Our conclusion, on what appears to be the common sense of the issue raised in the present case, is that the proximate or effective legal cause of what happened to plaintiff, after he had executed the alleged order of Green, is to be found in what happened to Green, an extraneous accident whereby he was made an involuntary agent in the infliction of an injury of a kind he had no reason to foresee; and that, therefore, there was shown no proximate causal connection between Green's order and plaintiff's injury, and defendant was entitled to the general charge on the fourth count, as requested.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.