(87 South. 830)

## BRILLIANT COAL CO. v. BARTON.
### (6 Div. 28.)

(Supreme Court of Alabama. Dec. 2, 1920.)

**1. Appeal and error ☞1064(1)—Charge given for injured coal miner not reversible error.**

In a coal miner's action for injuries, charge given for plaintiff that, while the court had instructed the jury, at the request of defendant company, that it did not owe plaintiff the duty to make the rock which fell on plaintiff safe, yet by giving the charge the court did not mean that defendant did not owe plaintiff the duty to see the rock was reasonably safe, containing no erroneous statement of law, and being correct so far as it went as a statement of fact, was not reversible error.

**2. Appeal and error ☞1064(2)—Charge superficially on effect of evidence not reversible error.**

In a coal miner's action for injury, instruction that if a mule was delivered to the miner without reins it was, in effect, a command by his superior to drive the mule in the mines without reins, though superficially open to objection that it was a charge on the effect of the evidence, in violation of Code 1907, § 5362, was not reversible error.

**3. Evidence ☞471(17)—Question calculated to elicit opinion amounting to truism properly excluded.**

In a coal miner's suit for injuries, the trial court, after plaintiff's witness had testified on cross-examination that in mining a man has to use his judgment about the proper thing to do with reference to the roof, did not err in sustaining objection to defendant's next question, "It depends on the conditions as they appear to exist in each particular place?" as the question called for an expression of opinion amounting to a truism.

**4. Damages ☞173(1)—Evidence admissible on issue of decreased earning capacity.**

In a coal miner's action for injuries, there was no error in allowing plaintiff miner to show that since his injury he had been unable to get employment, or that he had never had much schooling, he having alleged permanent injury and claimed damages for decreased earning capacity; the testimony being admitted merely to shed light on the claim for such decreased earning capacity.

**5. Trial ☞260(1)—No error in refusal of requests covered by charge.**

Where the proposition of a charge refused defendant was substantially and fairly covered by the oral charge and by special instructions, its refusal is not cause for reversal, under Code 1907, § 5364, as amended by Acts 1915, p. 815.

**6. Trial ☞253(7)—General affirmative charge ignoring plaintiff's negligence properly refused.**

In a coal miner's action for injuries, in view of the evidence, defendant's requested charge, amounting to the general affirmative charge for it, was properly refused; it being radically wrong in failing to hypothesize negligence on the part of plaintiff.

**7. Master and servant ☞293(14)—Instruction properly refused as in derogation of mine owner's general duty to use care.**

In a coal miner's action for injuries when his mule swerved from its customary course and struck a prop, causing a rock to fall, instruction that, if the timber supporting the rock was from six to eight feet from the route along which plaintiff's mule usually traveled, the same degree of care would not be required of defendant coal company with reference to the prop as would be required if it was in close proximity to the track, was properly refused, as seeming to derogate from the proposition of defendant's general duty to exercise reasonable care.

**8. Master and servant ☞293(1)—Instruction properly refused as misleading.**

In a coal miner's action for injuries, charge requested by defendant company, purporting to enlighten the jury in respect of what constituted negligence, *held* properly refused, as failing of any useful definition of negligence and being partial, imperfect, and misleading.

**9. Master and servant ☞97(2)—Mine owner's duty to prop roof not limited by anticipation of superintendent.**

Defendant coal mining company's duty to its mule driver in respect to propping a rock in the roof or responsibility for consequences of failure was not limited by matters actually anticipated by its bank boss or superintendent, and a charge requiring verdict for defendant, unless its boss should have anticipated the chance blow against the prop which led to the accident, was properly refused.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Action by Mutie Barton against the Brilliant Coal Company for damages for personal injuries suffered in a mine of the defendant's. Judgment for the plaintiff, and defendant appeals. Affirmed.

For the pleadings and some of the facts, see former opinion (203 Ala. 38, 81 So. 828).

The following is charge 2, given for the plaintiff:

(2) While the court has instructed the jury, at the request of the defendant, that the defendant did not owe the plaintiff the duty to make the rock which fell on plaintiff safe, yet by giving said charge the court did not mean that the defendant did not owe the plaintiff the duty of seeing that said rock was reasonably safe.

The following charges were refused to the defendant:

(11) I charge you that if the rock which fell upon the plaintiff was sufficiently propped and supported so as to be held up in the ordinary and usual working and operation of the mine, and the usual and ordinary operation in the room where said rock was located, defendant cannot be charged or held accountable for negligence for failing to exercise the degree of care required with reference to propping said rock.

(17) If you believe from the evidence that the direct and immediate proximate cause of the rock falling and injuring plaintiff was the act of plaintiff in causing the mule to come in contact with the prop under said rock and knock said prop under said rock down, as set up in any of the defendant's pleas, this was such an intervening efficient cause as would prevent a recovery by plaintiff, and you should find a verdict for defendant.

(23) If you believe from the evidence that the timber supporting the rock which fell upon the plaintiff was from six to eight feet from the rock along which the mule usually and ordinarily traveled in the usual and ordinary operation of the work, the same degree of care would not be required of defendant, or its foreman in charge, with reference to said prop, as would be required if the prop was at a point in such close proximity to the track as that the mule or the driver, in the ordinary and usual working of the mine, might be expected to come in contact with said prop.

(52) In order to entitle plaintiff to a verdict for failure of defendant, or its foreman in charge, to prop the rock or take it down, it is not sufficient for you to believe from the evidence that the said rock might have been taken down with entire safety, or that it might have been more securely propped.

(61) Unless you believe from the evidence that the rock was so loosely propped that a chance blow such as knocked the prop down would knock it down, and that such a chance blow against the prop should have been anticipated by the defendant's bank boss in the exercise of ordinary care, under the circumstances, in the ordinary course of mining operations in that place, you should find for the defendant.

A. F. Fite and J. H. Bankhead, Jr., both of Jasper, for appellant.

The court erred in giving charge 2 for plaintiff. 203 Ala. 233, 82 South. 484. The oral charge excepted to was erroneous. Section 5362, Code 1907; 136 Ala. 244, 33 South. 808; 17 Ala. App. 17, 81 South. 353; 9 Ala. App. 530, 63 South. 768; 67 South. 675; 203 Ala. 38, 81 South. 830. Court erred in permitting plaintiff to testify that he had not been able to get a job for 12 days, except with one Johnson. 187 Ala. 562, 65 South. 939. Charge 61 should have been given. 203 Ala. 38, 81 South. 830. Counsel discuss other assignments of error, but without citation of authority.

Lacy, Lacy & Shepherd, of Jasper, for appellee.

Plaintiff's explanatory charge 2 was properly given, or, if error, was without injury. Sup. Ct. rule 45 (61 South. ix); 167 Ala. 177, 52 South. 310; 60 Ala. 498; 51 Ala. 530. The oral charge of the court was correct, and not a charge upon the effect of evidence. 111 Ala. 579, 20 South. 622; 153 Ala. 386, 45 South. 164; 203 Ala. 38, 81 South. 828. The court properly permitted the plaintiff to show that he could not get a job. 97 Ala. 275, 12 South. 276; 199 Ala. 177, 74 South.

246; 17 C. J. 897, 900. Charge 11 was properly refused. 177 Ala. 262, 58 South. 301. Charge 23 was properly refused. 151 Ala. 634, 44 South. 657. Charge 52 was properly refused. 151 Ala. 335, 43 South. 844; 154 Ala. 556, 45 South. 699. The other charges refused were substantially covered by written charges given.

SAYRE, J. This is the second appeal in this case, 203 Ala. 38, 81 South. 828. The pleadings on the last trial were the same as on the first, and are sufficiently shown in the report cited above. Errors now assigned are based on instructions given or refused and sundry rulings on questions of evidence.

[1] Charge 2, given for plaintiff, was requested in an effort to explain a charge which had been given for the defendant. The explanatory charge might well have been refused, for that it asserted no proposition of law. Furthermore, as an explanation, it, along with the charge explained, failed of its purpose to aid the jury to an understanding of the issues in the cause because, though asserting in a way that defendant employer could not be held as an insurer of plaintiff employé's safety, it omitted to predicate defendant's duty to exercise reasonable diligence to that end, without which statement the charge, even if it had been otherwise unobjectionable, was incomplete and misleading. However, it contained no erroneous statement of law, and as a statement of fact it was no doubt correct as far as it went, so that reversible error cannot be affirmed of the court's action in submitting it to the jury.

[2] The court in its oral charge to the jury said:

"If the animal was delivered to him [plaintiff] without reins, that was, in effect, a command by his superior to so drive the mule in the mine without reins."

Plaintiff before and at the time of his injury was employed by defendant to drive a mule in its mine. The evidence showed without contradiction, or the possibility of adverse inference, that the mule had been given in charge to plaintiff to be driven, as was customary, without reins. The mule swerved from the path on which it was being driven and so came into contact with and displaced the prop defendant had set up to hold up the rock which fell upon plaintiff. Several pleas imputed contributory negligence to plaintiff by reason that he undertook to drive the mule without reins. It is urged for error against that part of the court's charge quoted above that it was a charge upon the effect of the evidence and violated section 5362 of the Code, which inhibits the court to "charge upon the effect of the testimony, unless required to do so by one of the parties." The phraseology of the charge lends itself superficially to the argument for error; but it will be observed upon analysis that the only

fact involved, viz., the delivery of the animal to plaintiff without reins, was stated with hypothesis, and that the further statement of the charge was not upon the effect of evidence but upon the legal effect of the fact hypothesized. That legal effect was correctly stated. It was so held on the former appeal. There was no reversible error in giving the charge.

[3] After appellee's witness Sam Cain had testified on cross-examination that "in mining a man who is doing the work has to use his judgment about the proper thing to do with reference to the roof," the court sustained an objection to defendant's next question, "It depends on the conditions as they appear to exist in each particular place?" The question called for and expected an expression of opinion by the witness that would have amounted to a truism. All human conduct depends on circumstances or conditions as they appear. We cannot conceive that defendant, by this ruling of the court, lost anything the denial of which would justify a reversal of the judgment in this cause, and it is of no consequence in this regard that at other points the court may have allowed the plaintiff to ask similar questions.

[4] There was no error in allowing plaintiff to show that since his injury he had been unable to get employment or that he had never had much schooling. Plaintiff had alleged permanent injury and claimed damages for decreased earning capacity. The proof tended to sustain his allegation and claim, and the testimony here in question was by the court admitted to the jury for the limited purpose of shedding light on the claim of damages for decreased earning capacity. It tended to prove that plaintiff's injury had affected his ability to earn a living in the line of work he had previously followed and that clerical employment was not open to him. M. & O. R. Co. v. George, 94 Ala. 199, 222, 10 South. 145; Helton v. Ala. Midland R. Co., 97 Ala. 275, 12 South. 276; 17 Cyc. 900–904.

[5] The proposition of charge 11, refused to defendant, was substantially and fairly covered by the oral charge and by special instructions. Its refusal is therefore not a cause for reversal. Code, § 5364, as amended, Acts 1915, p. 815.

[6] Charge 17 was properly refused to defendant. Considered with reference to the testimony, it amounted to the general affirmative charge for defendant. The charge was radically wrong in failing to hypothesize negligence on the part of plaintiff.

[7] Charge 23. The fact that the prop was six or eight feet from the track along which the mule usually traveled was to be considered by defendant in its dealing with that prop. Nevertheless the degree of care to be exercised with respect to it was precisely the degree to be exercised by defendant for the care of its employés while engaged in the performance of their duties; everywhere and always it was its duty to exercise reasonable care; but the charge seemed to derogate from this proposition, may have been misunderstood by the jury, and so was refused without error.

[8] Charge 52 was properly refused, because, while purporting to enlighten the jury in respect to what constituted negligence, it failed of any useful definition. It was partial, imperfect, and misleading.

[9] Defendant's duty in the premises, or responsibility for consequences, was not to be limited by the actual anticipation of its bank boss, or superintendent. "A person guilty of negligence is responsible for all consequences which prudent and experienced men, fully acquainted with all the circumstances which in fact existed, whether they could have been ascertained by reasonable diligence or not, would, at the time of the negligent act, have thought reasonably possible to follow, if they had occurred to his mind." Woodward Iron Co. v. Gamble, 203 Ala. 20, 81 South. 810. Charge 61 was therefore well refused to defendant.

We have considered seriatim every assignment of error argued in brief for appellant without finding error to justify a reversal. Affirmed.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.