(117 So. 426)

### BAUGH v. STATE. (8 Div. 23.)

Supreme Court of Alabama. June 7, 1928.

Rehearing Denied June 28, 1928.

88

See, also, 215 Ala. 619, 112 So. 157.

Bradshaw & Barnett, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

BROWN, J. The appellant, Bob Baugh, was indicted for the murder of his wife, Trussie Baugh, and on his trial under this indictment was adjudged guilty of murder in the first degree and sentenced to life imprisonment.

The evidence shows, without dispute, that Trussie Baugh, the person alleged to have been killed, died as the result of a gunshot wound that entered from the back through the binding on the collar of her dress, the bullet passing through the body, making its exit in the center of the breast about two inches below the top of the sternum. The evidence for the state tended to show that the killing was a willful and deliberate murder, without the shadow of justification. The witness Adams, the only eyewitness offered by the state, describing the occasion and manner of the killing testified:

"He had the pistol with his right hand. It was a 38. I don't know what kind. It was about that long (indicating) about 15 or 16 inches, barrel and all. When he shot her I jumped up and run. He shot her one time. He shot her in the back. She was trying to get aloose and begging him not to kill her. He said he was going to kill her. She was just wiggling and begging him not to kill her."

The evidence offered by the defendant affords a slight basis for two theories for the contention made on the trial that defendant was not guilty of criminal homicide. One of the defendant's theories of the killing was that the state's witness Adams, a son of the deceased and a stepson of the defendant, then about 16 years of age, assaulted the defend-

ant with a knife, and that defendant in defending himself against this assault, using a 32-caliber pistol, fired at Adams and accidentally shot his wife. The other is that the shot which he fired at Adams did not strike the wife; that the wound on the deceased was produced by a 38-caliber bullet. The evidence shows that the difficulty occurred about 1 o'clock p. m. in the defendant's home; that the body of Mrs. Baugh was found some distance from the house about sunset in a fallen tree top on the side of a hill.

The court, after charging the jury in the oral charge that the defendant's plea of not guilty imposed on the state the burden of establishing the defendant's guilt beyond a reasonable doubt, and that the defendant under the circumstances was not required to retreat, instructed the jury that—

"The burden of proof under the plea of self-defense in shooting at Adams, if he did shoot at Adams, is first upon him to prove the second element, that he was in danger of losing his own life or receiving grievous harm at the hands of the state's witness Adams, at the time he shot the shot that killed his wife, if he did shoot the shot that killed his wife, and he was shooting at Adams. If he proves this element, then the burden shifts to the state to show that the defendant was at fault in provoking or bringing on the difficulty."

■ While, as appellant contends, the burden is on the state to satisfy the jury beyond a reasonable doubt of the defendant's guilt, and this burden never shifts where the fact of the killing is in dispute, yet under all of the authorities the burden is on the defendant, when he pleads self-defense, to establish his plea, and one essential of this plea is the existence of impending necessity to strike or shoot to save himself from death or grievous bodily harm, at the time the fatal blow is stricken or shot fired. Perry v. State, 211 Ala. 458, 100 So. 842; Gibson v. State, 89 Ala. 121, 8 So. 98, 18 Am. St. Rep. 96; Naugher v. State, 105 Ala. 29, 17 So. 24; Henson v. State, 112 Ala. 41, 21 So. 79; McGhee v. State, 178 Ala. 4, 59 So. 573; McBryde v. State, 156 Ala. 44, 47 So. 302.

■ The instruction in the oral charge that "implied malice is that which the jury have a right to infer from the facts and circumstances in each particular case, and that which the law implies from the use of a deadly weapon, and the shooting of one person by another with a deadly weapon is a malicious killing, *unless the facts and circumstances surrounding the use of the weapon or other evidence rebuts or removes that presumption*," as applicable to the evidence in this case, correctly states the law. Berry v. State, 209 Ala. 120, 95 So. 453; Newsom v. State, 15 Ala. App. 43, 72 So. 579; Davis v. State, 214 Ala. 273, 107 So. 737.

■ The instruction given in the oral charge that, "if he shot at his wife, and he shot her in the back, gentlemen of the jury, if you are satisfied of this from the evidence beyond a reasonable doubt, it would be your duty to convict him," when considered in connection with what immediately followed—"If, on the other hand, he was shooting at Noah Adams and hit his wife and killed her, before he can be acquitted he must show that he was acting in self-defense in shooting at Noah Adams"—is subject to no other interpretation than that, if the defendant *intentionally* shot his wife and shot her in the back, he was guilty of some offense, leaving the question of the degree of his guilt for the jury's determination.

To state the question in a different form, this part of the charge is at most misleading, and when considered in connection with what immediately follows in the light of the testimony in the case, this misleading tendency is removed. "This charge" of the court "must be construed as a whole, in connection with the evidence, and not in disconnected parts, or by garbled extracts." Gibson v. State, 89 Ala. 121, 127, 8 So. 98, 99 (18 Am. St. Rep. 96); Williams v. State, 83 Ala. 68, 3 So. 743.

■ Nor is this excerpt subject to condemnation on the ground that it was a charge on the effect of the evidence and a violation of the statute. Code 1923, § 9507. The charge was on the effect of the stated hypothesis, if this hypothesis was established by the evidence in the minds of the jury beyond a reasonable doubt. Brilliant Coal Co. v. Barton, 205 Ala. 89, 87 So. 830; Crisp v. State, 215 Ala. 2, 109 So. 287.

■ If it should be conceded that the court was in error in sustaining the solicitor's objections to the questions put to the witness Adams on cross-examination, with reference to previous difficulties between the witness and the defendant, and the causes producing these difficulties (Motley v. State, 207 Ala. 640, 93 So. 508, 27 A. L. R. 276), this error was rendered innocuous by the subsequent action of the court in reversing this ruling and advising the defendant's counsel while the witness was on the stand that these questions would be permitted, and the refusal of the defendant's counsel to further cross-examine the witness as to such matters, and also by the undisputed testimony of the defendant that he had had trouble with Adams prior to that occasion, that he had told Adams to leave his home, to get out, and on one occasion prior to that Adams had attacked the defendant with a knife.

■■ The defendant testified as a witness in his own behalf before offering the witness Parker to prove his good character, and his character had not been attacked by the state. Under these circumstances testimony of good character offered by the defendant as exculpatory evidence should have been limited to his general character for peace and quiet. At this time he was not entitled to offer evidence

of his general good character or good character for truth and veracity to bolster up his own testimony. Morgan v. State, 88 Ala. 223, 6 So. 761; Stone v. State, 208 Ala. 50, 93 So. 706; Smith v. State, 197 Ala. 193, 72 So. 316; Mitchell v. State, 14 Ala. App. 46, 70 So. 991. There was nothing in the evidence to show that the defendant had a known reputation outside of the community where he lived, and the court will not be put in error for limiting the inquiry to that neighborhood or community. Stone v. State, supra.

The testimony of the witness Charley Scott as to the size of the wound on the body of the deceased, and his opinion that it was made with a 38-caliber bullet, was not subject to objection made to it by the defendant.

"The general rule is that a witness must testify to facts and is not permitted to express mere matters of opinion. The rule has its boundaries and exceptions, which are as well defined as the rule itself. Where a fact cannot be reproduced and made apparent to the jury, a witness may describe the fact according to the effect produced on his mind; or, if from the nature of a particular fact, better evidence is not attainable, the opinion of a witness derived from observation is admissible. Mayberry v. State, 107 Ala. 64, 18 So. 219; 1 Whart. Ev. § 511; Lawson on Expert and Opinion Ev. 460."

See, also, Moss v. State, 152 Ala. 30, 44 So. 598; Franklin v. Commonwealth, 105 Ky. 237, 48 S. W. 986; Humphrey v. State, 74 Ark. 554, 86 S. W. 431; State v. Fitzgerald, 130 Mo. 407, 32 S. W. 1113; State v. Graham, 116 La. 779, 41 So. 90.

This disposes of all questions presented in argument. We have examined all other questions presented on the record and find no error in the proceedings of the trial court.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.