## Robinson et al. v. Commonwealth.

May 20, 1949.

F. M. Jones for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The grand jury of Harlan County returned an indictment against appellants, Robinson and Reed, accusing them of criminally breaking and enter'ng the storehouse of Harlan Plumbing and Heating Company with the felonious intent to steal and take therefrom property of value.

At the joint trial of defendants each entered a plea of guilty and the jury empaneled to fix their punishment did so at confinement in the State Penitentiary for five years. Before judgment pronounced on that verdict the defendants entered this motion:

"Comes the defendants and moves the court to permit them to withdraw their pleas of guilty to the charges of housebreaking and enter their plea of not guilty."

The court overruled that motion which did not state the reason for making it. However, in their motion for a new trial, after judgment rendered on the jury's verdict, they did state that they were induced to enter their plea of guilty under an agreement "that their punishment should be fixed at confinement in the State Reformatory for the period of two years," which was so stat-

ed to the jury by both the Commonwealth's Attorney and defendants' attorneys. Whether or not under the foregoing facts that reason *alone* for the withdrawal of their plea of guilty and entering one of not guilty would entitle them thereto would be prejudicial error sufficient to reverse the judgment, need not be determined by us, since the overruling of appellant's joint motion to withdraw their plea of guilty and enter one of not guilty was and is a prejudicial error authorizing a reversal of the judgment under section 174 of the Criminal Code of Practice which says:

"At any time *before* judgment the court may permit the plea of guilty to be withdrawn and a plea of not guilty substituted." (Our emphasis.)

The case of Williams v. Com., 80 S. W. 173, 174, 25 Ky. Law Rep. 2041, is one in which the facts are substantially the same as those appearing in this record. They are recited in the opinion of the court written by Judge Paynter, and in reversing the case for the court he said:

"In view of the circumstances under which the plea of guilty was entered, we are of the opinion that the court erred in not allowing the appellant to withdraw the plea of guilty, and substituting a plea of not guilty."

The Bill of Exceptions in this case shows that the motion to change the plea of *guilty* to one of *not* guilty was made *after* the verdict but *before* judgment was rendered on the verdict, which brings it squarely within the opinion in the Williams case, and the Code Section.

Section 219 of the Criminal Code of Practice says: "The clerk, or Commonwealth's attorney, shall then read to the jury the indictment, and state the defendant's plea," and section 225 requires that instructions in criminal prosecutions "shall always be given in writing." Defendants also rely for a reversal of the judgment on the ground that neither section 219 nor 225 was followed or complied with at their trial. However, no objection was made to their nonobservance, nor was any motion made by defendants that those two sections be literally complied with and by such failures they waived those requirements.

It is true that in the case of Farris v. Com., 111 Ky. 236, 63 S. W. 615, this court (the same Judge Paynter

writing) held that the indictment should be read by the clerk or the Commonwealth's Attorney to the jury is mandatory; but clearly the court did not intend to hold that the provisions of the section (219) could not be waived by the defendant on trial, but only to hold that if he properly objected to the section not being followed and the court overruled his motion, or moved that the indictment be so read then the error would be prejudicial and authorize a reversal of the judgment of conviction. On another trial the court should see to it that all of the above sections of the Criminal Code of Practice should be substantially complied with.

For the failure of the court to permit defendants to withdraw their pleas of guilty and enter one of not guilty before judgment was rendered on the jury's verdict, the judgment is reversed for proceedings consistent with this opinion.