# Robinson v. Commonwealth.

April 21, 1950.

W. L. Hammond, Special Judge.

John B. Wall & Son for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

JUDGE REES—Affirming. .

Sam Robinson, jointly indicted with Billy Reed, has been convicted of the crime of breaking and entering a storehouse and sentenced to confinement in the penitentiary for a term of three years. There have been two trials of the case. At the first trial both Robinson and Reed entered pleas of guilty with the understanding that their punishment would be fixed at two years in the penitentiary. The Commonwealth's Attorney so recommended, but the jury fixed the punishment of each at imprisonment for a term of five years. Before judgment was entered on that verdict the defendants moved the court to permit them to withdraw their pleas of guilty and enter pleas of not guilty as permitted by section 174 of the Criminal Code of Practice. The trial court overruled the motion, and on appeal to this court the judgment was reversed. Robinson v. Commonwealth, 310 Ky. 353, 220 S. W. 2d 846. At the second trial Reed again pleaded guilty and accepted a sentence of three years in the penitentiary. Robinson entered a plea of not guilty, but the jury found him guilty and fixed his punishment at three years' imprisonment. He argues on this appeal that the trial court erred in overruling

his motion for a directed verdict of acquittal and in failing to instruct the jury on the whole law of the case.

Appellant was indicted under KRS 433.190, which provides that any person who feloniously, in the night or day, breaks any storehouse, with intent to steal, shall be confined in the penitentiary for not less than one year nor more than five years. It is argued that the evidence fails to show appellant used any force in entering the storehouse or that he had any intent to steal, and therefore that he was entitled to a directed verdict of acquittal. The evidence for the Commonwealth was substantially as follows:

About 2 o'clock in the morning of December 13, 1948, the police department of the City of Harlan was notified that the storehouse of the Harlan Plumbing & Heating Company had been entered. When the police arrived on the scene they found that the lock of the rear door had been broken or taken off, and upon entering the storehouse they discovered both Robinson and Reed. Robinson was hiding behind a washing machine in the front part of the store, and on being arrested a screw driver was found in his pocket. The papers on the desk were in disorder, and a box had been opened and carried to an automobile parked in the alley behind the storehouse. After his arrest Robinson asked permission to return to the room for a coat which he had taken off, folded and placed on a pile of boxes. A blackjack was found in the coat. Robinson testified that he met Reed about 5:30 p. m. on December 12, and remained with him until they were arrested on the following morning; that as they passed along the alley behind the store of the Harlan Plumbing & Heating Company Reed suddenly drew a pistol and told him: "I have a safe in there, and I want you to help me carry it off." Reed removed the screws from the lock and forced appellant to enter the building with him. Reed was brought from the penitentiary and testified for Robinson, saying that he forced Robinson at the point of a gun to enter the building.

The court instructed the jury, in effect, that if they believed Robinson was forced by Reed to participate in the breaking and that he did so against his will and consent they should acquit him. Whether or not Robinson participated voluntarily in the commission of the crime was a question of fact for determination by the

jury. There was ample evidence from which the jury could infer that he was a willing participant, and the jury could reject, as it did, the improbable story told by Robinson and Reed.

Appellant cites Rose v. Commonwealth, 40 S. W. 245, 19 Ky. Law Rep. 272, in support of his contention that an instruction should have been given telling the jury what acts constitute a breaking. In the Rose case it was the theory of the Commonwealth that the defendant entered the warehouse through a door which he opened by force. The defendant testified that he entered through a window which was partly open. It was held that under these facts the court should have told the jury what acts would constitute a breaking. In Kidd v. Commonwealth, 273 Ky. 300, 116 S. W. 2d 636, 638, it was held that the word "break" used in the statute under which appellant was indicted implies force. It was said in the opinion: "The modern concept is that the slightest force is sufficient, and there is generally included among the illustrations the removal or breaking of a pane of glass or unloosening any other fastening to doors or windows, or pushing open a closed but unfastened door."

In the present case it was admitted that force was used in removing the lock, opening the door and entering the building. The instruction contended for by appellant was therefore unnecessary.

We find no error prejudicial to appellant's substantial rights, and the judgment is affirmed.