McCALEB, Justice.
The defendant is appealing from his conviction of attempt to murder and sentence to twenty years in the State Penitentiary at hard labor. During his trial, he reserved 12 *1118 bills of exceptions, 11 of which are urged here as grounds for a new trial.[1]
The first and second bills relate to defendant’s claim of deafness allegedly rendering him incapable of understanding the nature of the proceedings against him and of assisting his counsel in his defense. The first of these was taken to the- overruling of his objection to arraignment because of his claimed inability to hear the charge .and the other was reserved when the judge refused to appoint experts to determine the extent of his deafn,ess.
In answer to his contentions, the judge states in his per curiam that, at the time of arraignment, defendant feigned complete deafness; that nevertheless he (the judge) wrote on a piece of blank paper the charge against defendant, who had stated that he was able to read, requesting him in writing to state whether he pleaded guilty or not guilty and that, when this was presented to defendant, he pointed to the words “not guilty”. Moreover, prior to the trial, the judge had defendant’s hearing tested at. Shreveport and, it being found that it was 58% of normal in one ear and 72% in the other, he was fitted with a hearing aid. According- to the per curiam, defendant and his counsel conversed in whispered tones without difficulty during the trial of the. case.
In view of the uncontradicted findings of the trial judge, there is no merit in defendant’s complaints.
Bills Nos. 3 and 4[2] were taken in connection with the alleged failure of the court to require the plea of defendant.read to the jury. It is said that, since the Code of Criminal Procedure, LSA-R.S. 15:333, provides that the plea of the accused be read to the jury as one of the necessary steps in the trial of a criminal case, failure to do so constitutes reversible error.
The contention is untenable. Whereas, a complete omission to inform the jury of a defendant’s plea might be serious, failure to literally read it from the miutes can, at best, be considered as an insubstantial violation of a legal requirement in the absence of a showing of prejudice. Code of Criminal Procedure, LSA-R.S. 15:557. The evidence in the instant case shows that the deputy clerk stated to the jury that the defendant had pleaded “not guilty”. Defendant’s complaint is that the deputy clerk was not looking at the minutes *1120 of the court at the time she conveyed this information tó the jury.
Bill of Exceptions No. 5 is founded on the proposition that the State was permitted, over objection of defense counsel, to prove the location of the crime to be at a place different from that set forth in the bill of particulars. However, the judge states in his per curiam that there was no variance between the location stated in the bill of particulars and that given by the deputy sheriff (whose testimony forms the basis of the bill) at the trial and that defense counsel merely misunderstood the location as set forth in the bill of particulars. In view of this, further discussion of defendant’s complaint would be superfluous.
Bill of Exceptions No. 6 was taken when the judge overruled an objection to a question propounded by the district attorney to a state witness on the ground that the evidence sought to be elicited was immaterial and irrelevant. Since neither the question nor the answer is to be found either in the bill or the record, there is nothing for review. State v. Pizzolotto, 209 La. 644, 25 So.2d 292 and cases there cited.
Bill No. 7 is in the same category as Bill No. 6. It was taken to the overruling of an objection interposed to a question which sought to elicit evidence having reference to statements supposedly made by defendant before and after the alleged commission of the crime. But, here again, we cannot say that the ruling was erroneous or that the defendant was prejudiced as the record shows that the question was not completed by the district attorney nor was it answered by the witness.
Bills Nos. 8 and 9 were reserved to the overruling of objections to evidence of a deputy sheriff that he had fitted a pair of shoes taken from the defendant- into footprints ^found near the scene of the crime. It is contended that this testimony was inadmissible because it was opinion evidence which the deputy was not qualified to give.
There is no merit in the bill. The witness did not voice an opinion; he was stating a fact within his knowledge. In reality, the objections were addressed to-the accuracy of the evidence rather than to its admissibility. State v. Graham, 116 La. 779, 41 So. 90.
While this deputy sheriff was on the stand, he testified that the soil at the scene of the crime, where the footprints were found, was red and sandy and that, when defendant was arrested, there was mud o-n his shoes of the same sort of reddish color. This evidence was objected to-by defense counsel on the ground that, since the witness was not an expert on the texture of soils, he was not qualified to-express an opinion. When the objection was overruled, counsel reserved Bill No. 11.
Our observations respecting Bills Nos. 8 and 9 afford a complete answer to the contention made in this bill. The witness *1122 was not expressing an opinion on the texture of the soil, he was merely testifying to a fact, i. e., that the color of the mud on defendant’s shoes was the same as that of the soil at the scene of the crime.
Bill of Exceptions No. 12 was taken to the action of the trial judge in overruling a motion for a new trial. This motion, aside from the allegation that the verdict is contrary to the law and the evidence (which presents nothing for review), merely reiterates the contentions made under the several bills of exceptions which have been heretofore discussed and found to be without merit.
The conviction and sentence are affirmed.

. Bill of Exceptions No. 10 has been abandoned.

. Specifically, Bill No. 4 was directed against a question propounded to a deputy clerk when she was testifying concerning her reading of the indictment and plea of defendant to the jury. Counsel for defendant objected to this question on the ground that it was leading. Obviously, even if it be considered as leading, the refusal of the judge to require the District Attorney to reform it cannot be regarded as prejudicial error. Code of Criminal Procedure, LSA-R.S. 15:557.