155 So.2d 19

**STATE of Louisiana**

v.

**William LESLIE.**

No. 46561.

June 28, 1963.

Watts & Crain, Franklinton, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Woodrow W. Erwin, Dist. Atty., Julian J. Rodrigue, Asst. Dist. Atty., for plaintiff-appellee.

SANDERS, Justice.

In this criminal proceeding, the defendant, William Leslie, has appealed from his conviction of manslaughter and sentence to imprisonment for fifteen years in the Louisiana State Penitentiary. He relies upon two bills of exception reserved during the course of the trial.

On June 4, 1962, the defendant was indicted for manslaughter in connection with the death of one Ollie Gill. On June 8, 1962, the defendant appeared in court with his counsel for arraignment. He waived a reading of the indictment and entered a plea of not guilty.

The case came on for trial on November 5, 1962. The impaneling of the jury was completed on November 6. Thereafter, the trial proceeded in the following order: By order of the court, the indictment was read to the jury; the district attorney

made his opening statement; counsel for the defendant waived an opening statement; the district attorney then commenced the introduction of evidence.

The state called and produced the testimony of Dr. H. A. Stafford, Sr., Coroner of Washington Parish, who had examined the victim, as to the cause of death.

Next called by the state was Captain Edward C. Toups of the Bogalusa Police Department. He testified that the defendant appeared at the headquarters office a few minutes after a telephone report of the homicide was received there, stated that he had shot "a fellow", and surrendered a loaded twenty-two calibre pistol with one spent cartridge. The pistol was admitted in evidence as State's Exhibit 1.

The state then announced the call of Mr. Donald Spiers as a witness.

At this point, before the witness was sworn, counsel for defendant asked that the jury be retired. He then objected to further proceedings and moved for a mistrial on the ground that the plea of the defendant had not been read to the jury as required by LSA–R.S. 15:333. The trial judge ordered the plea read to the jury, overruled the motion, and proceeded with the trial. To this ruling, the defendant reserved Bill of Exception No. 1. Bill of Exception No. 2 was reserved to the over-

ruling of a motion for a new trial based also on the omission of the reading of the plea.

LSA–R.S. 15:333 of the Louisiana Code of Criminal Procedure provides:

"The jury having been impaneled and the indictment read, the trial shall proceed in the following order: The reading of the plea to the jury; the opening statement of the district attorney explaining the nature of the charge and the evidence by which he expects to establish the same; the opening statement by counsel for the defendant at his option explaining the defense and the evidence by which he expects to prove the same; the introduction by the district attorney of all the evidence upon which he relies for a conviction; the introduction by the defendant of all of his evidence; the introduction by the district attorney of the rebuttal evidence; the argument of the district attorney of those matters upon which he relies for a conviction; the argument by the defendant or by his counsel; the reply by the district attorney to the argument of the defense; the judge's charge to the jury; the retiring of the jury under the custody of the sheriff; the rendition of the verdict or the entry of a mistrial, as the case may be; the discharge of the jury."

Posed for decision is whether the failure to read the plea of not guilty to the jury in its proper sequence in the instant prosecution is reversible error.

The reading of the plea to the jury, like the opening statement of the district attorney which follows it in statutory sequence, is mandatory. This means that when timely objection is made to its omission, the failure of the trial judge to require that the plea be read is error. See State v. Gayton, 221 La. 1115, 61 So.2d 890 and State v. Ducre, 173 La. 438, 137 So. 745.

In the instant case, however, the defense made no objection at the time of the omission. The trial proceeded. The district attorney made his opening statement. Defense counsel waived an opening statement. The district attorney commenced the introduction of evidence. The testimony of two witnesses had been adduced by the state, when objection was raised for the first time. Thereupon, the court required the plea to be read to the jury and overruled the objection. Under these circumstances, we are of the opinion that the right of the defendant to have the plea read in proper sequence was waived.

In State v. Shearer, 174 La. 142, 140 So. 4, this Court held that, although the opening statement of the district attorney was mandatory, the right to have it made was waived by failure to object until after several witnesses had been examined. The Court stated:

"If an accused person may waive his right to have a copy of the indictment and the list of jurors served upon him, or waive arraignment and trial by jury in certain cases, and he can under repeated rulings of this court, he may likewise waive his right to have the prosecuting officer make an opening statement as provided by article 333 of the Code of Criminal Procedure. Under the settled jurisprudence of this state, the going to trial by a defendant without insisting that such formalities be complied with is considered a waiver of the right conferred. Our holding, therefore, is that these accused, having gone to trial without objection, waived their right to have the statement made."

Holding that the right of the defendant to the filing of the report of the sanity commission under the mandatory provisions of LSA–R.S. 15:269 had been waived, this Court stated in State v. Augustine, 241 La. 761, 131 So.2d 56:

"Although the provisions of LSA–R.S. 15:269 requiring the filing of the report within thirty days and the jurisprudence requiring that it be available to counsel prior to trial are mandatory if

insisted upon by the party having a right to make that demand, it does not follow that such a right cannot be waived or renounced. When defendant permitted the trial to proceed without requiring the report prior thereto, or without asking for a continuance until it could be furnished, he acquiesced in the proceedings and could not object subsequently, at a later stage of the trial, if the physicians appointed by the Court testified in rebuttal to facts which defendant had himself sought to prove."

See also State v. Brown, 180 La. 299, 156 So. 359; State v. West, 172 La. 344, 134 So. 243; and Robinson v. Commonwealth, 310 Ky. 353, 220 S.W.2d 846.

The defendant relies principally upon State v. Ducre, supra, wherein the Court held that the refusal of the trial judge to order the district attorney to make an opening statement as required by Article 333 of the Code of Criminal Procedure (now LSA–R.S. 15:333) was reversible error. In that case, unlike the present one, the defendant made prompt request of the court for the ruling prior to the introduction of evidence. The case was thus distinguished in State v. Shearer, to which reference has been made.

For the reasons assigned, the conviction and sentence are affirmed.