319 So.2d 386 (1975)
STATE of Louisiana
v.
Renate E. MOORCRAFT.
No. 55852.
Supreme Court of Louisiana.
September 5, 1975.
*387 Richard L. Muller, Massony & Muller, Covington, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Woodrow W. Erwin, Dist. Atty., Patrick J. Berrigan, Asst. Dist. Atty., for plaintiff-respondent.
BARHAM, Justice.
A bill of information charging relator with failure to stop at a stop sign, a violation of La.R.S. 32:123, and a second bill of information, charging the crime of resisting an officer, a violation of La.R.S. 14:108(a), formed the basis for the prosecutions which we review. The relator was convicted of both offenses and sentenced in each instance to pay a fine and costs, in default of which jail sentences of varying lengths must be served. We granted writs to review various rulings of the trial court of which relator complained. 307 So.2d 636 (La.1975). Finding merit in relator's specification concerning the trial court's refusal to hear defense counsel's closing argument, we reverse the convictions and sentences.
After all the evidence had been adduced and both sides had rested, relator's counsel requested an opportunity to present relator's side of the case. The trial court responded that it did not wish to hear argument; the transcript indicates that defense counsel attempted to respond to the court but was cut off by the court. In so doing, the judge stated that he would entertain any statement which counsel might wish to make for some reason other than closing argument.[1] Defense counsel thereupon requested that the court state for the record, when announcing its verdict, its finding of whether relator attempted to flee the scene of the arrest. This request was denied and the court proceeded to render verdicts of guilty in both cases and pronounce sentence thereon.
Relator argues that the trial court committed reversible error in refusing to hear *388 closing argument. In support of this position, she cites State v. Hollingsworth, 160 La. 26, 106 So. 662 (1925). In that case it was held that a trial judge who refused to hear closing argument from defense counsel committed reversible error. The Court stated,
"* * * Counsel should have been allowed a reasonable time in which to present the case from the standpoint of the accused, and the refusal of the trial judge to grant him any time at all was the denial of a constitutional right to be heard." 106 So. at 667.
Before announcing its holding, the Court noted that "* * * when the trial judge or jury disposes finally of the matter without right of appeal, as the judge and jury do in criminal cases on questions of fact, the defendant is entitled to a hearing before he is condemned. * * *" 106 So. at 667.
This holding of the Hollingsworth case is still applicable; in the fifty years since Hollingsworth was decided, there has never arisen any case in which it was overruled or its soundness criticized. The reasons for the Hollingsworth holding are just as valid today, if not more so. In conformity with Hollingsworth, we therefore hold that the trial court erred in the present case.
There exists a further compelling reason for holding that the trial court's refusal of closing argument constitutes reversible error. In Herring v. New York, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975), the United States Supreme Court held that total denial of the opportunity to present final argument in a criminal trial before a judge, as well as in a jury trial, is violative of a defendant's rights under the Sixth Amendment to the United States Constitution. Therefore, in addition to contravening a Louisiana defendant's rights under Article I, § 13 of the Louisiana Constitution of 1974 and Article, § 9 of the Louisiana Constitution of 1921, the denial of final argument violates the United States Constitution.
The State argues in brief that the relator failed to object to the trial court's ruling denying him the right to present final argument and, consequently, failed to set forth the grounds for objection. This allegation of failure to object and give reasons therefor must be considered in light of La.C.Cr.P. art. 841, as amended by Act 297 of 1974, which reads in pertinent part:
"An irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence. * * * It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.
"* * *." (Emphasis supplied.)
A review of the verbatim transcript of relator's request for opportunity to present final argument and the subsequent colloquy between relator's attorney and the court clearly exhibits that relator's attorney, at the time of the court's ruling, made known to the court the action he desired the court to take; the code article expressly states that this "* * * is sufficient * * *." The requirement of making known "* * * his objections to the action of the court, and the grounds therefor * * *" is clearly stated in the alternative, as is evident from the comma appearing after the word "take," and the use of the disjunctive "or," following the comma. It is our opinion that the relator's attorney exhibited, as clearly as he was able under the circumstances, that he desired the court to permit him to present final argument. The colloquy set forth in footnote 1 indicates that counsel was probably attempting *389 to elaborate his request and the reasons therefor when the court effectively prevented further explanation or comment by interrupting the attorney's remarks to reiterate its ruling on counsel's request and to clarify its restriction.[2] One is able to discern from that colloquy that any further pursuit of the right to argument might have been regarded as contemptuous conduct of the attorney. Defense counsel's efforts were sufficient to preserve the error of which he complains; the complaint is properly the subject of our appellate review.
For the foregoing reasons, the relator's convictions and sentences are reversed.
SUMMERS, Justice (dissenting).
When all of the evidence was heard and the State and defense rested, defense counsel requested that he be granted the opportunity to present his side of the case, although *390 the District Attorney did not argue for the State. The trial judge informed defense counsel that he did not want to hear argument, but advised that if he wanted to make a statement for some other reason he would be heard. Whereupon defense counsel requested that the judge record his findings on whether or not defendant attempted to flee the scene. This motion was denied, the judge ruling that he would only render a verdict of guilty or not guilty. He then proceeded to render his verdict and sentenced the defendant.
On this review counsel assigns error to the judge's failure to hear his closing argument, relying on Article 765(6) of the Code of Criminal Procedure establishing the normal order of trial as follows:
"(1) The selection and swearing of the jury;
(2) The reading of the indictment;
(3) The reading of the defendant's plea on arraignment;
(4) The opening statements of the state and of the defendant;
(5) The presentation of the evidence of the state, and of the defendant, and of the state in rebuttal. The court in its discretion may permit the introduction of additional evidence prior to argument;
(6) The argument of the state, the defendant, and the state in rebuttal;
(7) The court's charge;
(8) The announcement of the verdict or mistrial in jury cases, or of the judgment in nonjury cases; and
(9) The discharge of the jury in jury cases."
This record reveals that a number of these steps were not taken in this trial. For instance, obviously no jury was selected; the indictment was not read; defendant's plea on arraignment was not read; opening statements were not made; the state did not argue; the judge did not charge himself, and, of course, no jury was discharged.
Insofar as the steps which apply to bench trials are concerned, no objection was made by defense counsel that these steps were not taken. These variations from the requirements of Article 765 are common in bench trials for apparent and sensible reasons. To counsel and the judge it is redundant and a waste of time in some instances to insist on compliance with steps which are merely formalities, repeating matters with which they are entirely familiar, or which shed no light upon their knowledge of the case. It is for this reason that the law wisely does not insist that all steps be rigidly applied and recognizes that variations can occur if the defendant does not object. State v. Leslie, 244 La. 921, 155 So.2d 19 (1963); State v. Neal, 231 La. 1048, 93 So.2d 554 (1957); State v. Peyton, 194 La. 681, 194 So. 715 (1940); State v. Fuchs, 178 La. 1057, 152 So. 757 (1934).
Article 841 of the Code of Criminal Procedure, as amended by Act 297 of 1974, which governs this trial, plainly provides that
"An irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence. . It is sufficient that a party, at the time the ruling or order of court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor. . . ."
Thus, a contemporaneous objection is required, together with a statement of the reasons therefor. No grounds were given *391 for the objection other than defense counsel's statement that the trial judge should state the reasons for his verdict. When the trial judge advised that he would not do so, no further request was made by defense counsel, although defense counsel had ample opportunity to do so. A defendant may not wait until after conviction "with an anchor to windward" to urge his objection. The phrase "cannot be availed of after verdict" means that the failure to object amounts to a waiver of the irregularity. This is what I feel occurred in this case.
The ruling of the judge was understandable for several reasons: He had just heard the evidence in a short trial not involving complex factual or legal issues; defense counsel had waived a number of other steps in the trial, and the case was undoubtedly of a routine character to the judge and counsel. Argument in such a case by defense counsel would, in the words of Mr. Justice Jackson, be "likely to leave [a] judge where it found him." Jackson, The Struggle for Judicial Supremacy at 301 (New York, Alfred A. Knopf, 1941).
Furthermore, the oral argument was waived at the hearing in this Court on joint motion of the State and the defense, indicating that it was not sacramental. Defense counsel did, however, submit a well-prepared and cogent brief to this Court. It can hardly be said that defendant was denied a constitutional right under these circumstances. The practical effect of denying argument in this case was close to nothing.
"A judgment or ruling shall not be reversed by an appellate court on any ground unless in the opinion of the court after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice. . . ." My reading of the testimony convinces me that this guilty verdict was not a miscarriage of justice, nor "prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right." La.Code Crim.Proc. art. 921. This defendant, a young woman, ran a stop light and while the arresting officer was writing her ticket she cursed and reviled him. For instance, "you mother____ing pigs." "You Goddam son-of-a-bitches." Further, while the officer was occupied she ran to her car and tried to drive off. When the officer took the key out of the car she struck at and cursed him again.
In my view the majority's reliance upon the divided decision in Herring v. New York, 422 U.S. 853, 95 S.Ct. 2550, 45 L. Ed.2d 593 (1975), is misplaced. There a more serious offense was involved, in which the defendant waived trial by jury. The Herring Case was a three-day trial interrupted by an interval of more than two daysa period during which the judge's memory may well have dimmed. Aside from these very significant distinctions, the Herring Court adopted the decision of the Maryland Court of Appeal which recognized the right of a defendant to be heard in summation, but acknowledged at the same time that this right could be waived, saying:
"The constitutional right of a defendant to be heard through counsel necessarily includes the right to have his counsel make a proper argument on the evidence and the applicable law in his favor, however, simple, clear, unimpeached, and conclusive the evidence may seem, unless he has waived his right to argument, or unless the argument is not within the issues in the case, and the trial court has no discretion to deny the accused such right." (emphasis added). Yopps v. State, 228 Md. 204, 178 A.2d 879 (1962).
In summary, defense counsel gave no reasons for objecting to the ruling that arguments would not be heard; he was able *392 to state his principal request that the judge find certain facts; and he did not appear in this Court to argue the case on review. I conclude, therefore, that an effective waiver occurred. Moreover, no prejudice resulted to this defendant from the absence of defense summation.
I respectfully dissent.
NOTES
[1] The following excerpt from the transcript reflects what transpired at the time of and subsequent to counsel's request:

"[Defense Counsel]:
We rest.
"[Prosecutor]:
We rest, Your Honor.
"[Defense Counsel]:
May I have an opportunity to present our side of the case?
"THE COURT:
I don't want to hear any argument, Mr. [defense counsel].
"[Defense Counsel]:
Your Honor, may it please the Court, she is
"THE COURT:
Mr. [defense counsel], I just said I don't want to hear the argument. If you want to make a statement for some other reason
"[Defense Counsel]:
In the event that you hold against Mrs. Moorcraft I would ask that in giving your verdict or your judgment, that you include for the record a finding of whether or not she had attempted to flee the scene.
"THE COURT:
I deny your motion on that. * * *"
[2] Our view is further supported by the trial court's action in response to relator's motion for new trial. Immediately after ruling that it would not record a finding of whether or not relator's flight had been proven, the court ordered relator to stand and asked her age. Upon her reply the court pronounced her guilty of violating La.R.S. 32:123 and without pause pronounced sentence. Again without pause, the court announced its finding that she was guilty of violating La.R.S. 14:108(a) and pronounced the second sentence. At this point, the oral motion for a new trial was made. Immediately, the court denied the motion and relator's counsel requested that he be allowed to argue the motion before a ruling by the court. This argument was likewise refused by the court, as appears from the following colloquy:

"THE COURT:
* * *
Stand up, Miss Moorcraft. How old are you, Miss Moorcraft?
"MISS MOORCRAFT:
Twenty.
"THE COURT:
Let the record show that the defendant having admitted in open court she is twenty years of age, the Court at this time finds her guilty of unlawfully operating a motor vehicle on a public highway by failing to stop said vehicle at a stop sign. The Court at this time fines her $25.00 and Court costs or serve fifteen days in the Parish Jail. On the other count, after having admitted in open Court she is twenty years of age, I find her guilty of unlawfully, intentionally and physically resisting Trooper Royce McGhee, a member of Louisiana State Police. For this, I fine you $100.00 and costs or serve thirty days in Parish Jail.
"[Defense Counsel]:
I would ask for a new trial on the basis that a new trial would be on insufficiency of evidence to convict, and no evidence to support a conviction or to establish a simple element of crime.
"THE COURT:
Your motion is denied.
"[Defense Counsel]:
May I present for the record, please, Your Honor, under the law, I am obligated to present my argument. If overruled at the time, then we have the record for the Court. If I can't make my argument, the Court when it gets on the appeal, will take the position that I should have made the argument.
"THE COURT:
You can argue before the Court of Appeals or the Supreme Court. Your rights aren't going to prejudice the evidence. Your motion for a new trial is denied.
"[Defense Counsel]:
How can I have an appeal that there is no evidence in of the Court
"THE COURT:
I am not going to listen to argument or review evidence; you had already stated that you filed a motion no insufficient evidence. Your motion was denied, Mr. [defense counsel].
"[Defense Counsel]:
Your Honor, at this time I would advise that I will take a writ in this matter."
While relator argues that the trial court likewise erred in refusing to entertain argument on the new trial motion, we do not reach the merits of this argument, since relator has failed to show that the motion was to have been tendered in proper form, in accordance with La.C.Cr.P. art. 852. The motion was defective for two reasons; first, the motion must be made prior to sentence (La.C.Cr.P. art. 853), and second, the motion must be in writing. Perhaps the untimeliness of the motion could not be used to foreclose relator's rights since sentence was pronounced without warning by the court. Nevertheless, relator made no claim that she intended to ask for time within which to file a proper, written motion. Absent a showing in this regard, the motion was improper. (La.C.Cr.P. art. 852).