822 So.2d 161 (2002)
STATE of Louisiana
v.
Isaac DAVIS aka Noah Davis.
No. 2001 KA 3033.
Court of Appeal of Louisiana, First Circuit.
June 21, 2002.
*162 Honorable Doug Moreau, District Attorney, Monisa L. Thompson, Assistant District Attorney, Baton Rouge, Counsel for Appellee State of Louisiana.
Gwendolyn K. Brown, Louisiana Appellate Project, Baton Rouge, Counsel for Defendant-Appellant Isaac Davis aka Noah Davis.
Before: FITZSIMMONS, DOWNING, and LANIER,[1] JJ.
FITZSIMMONS, J.
Defendant, Isaac Davis a/k/a Noah Davis, was charged by bill of information with armed robbery, a violation of La. R.S. *163 14:64. He pled not guilty and waived his right to a trial by jury. After a bench trial, he was found guilty as charged. The state filed a habitual offender bill of information. After a hearing, the trial court adjudicated defendant as a third felony habitual offender. The trial court sentenced defendant to life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence.
Defendant appealed. We reverse defendant's conviction, vacate the sentence, and remand for a new trial.

FACTS
About 10:15 a.m. on May 21, 1999, Shirley Harless was at her husband's business, Larry's Auto Sales, on Airline Highway in Baton Rouge. A man, later identified as defendant, came inside and demanded money. During the robbery, the man put a knife to Mrs. Harless's neck. When she grabbed the knife, the man hit her with his fist. Mrs. Harless gave the man her purse and money from the business. She tried to escape, but the man grabbed her hair. The next thing she remembered was waking up in the doorway and finding that the man was gone. Subsequently, defendant was arrested for the armed robbery.

ASSIGNMENTS OF ERROR
In assignment of error number one, defendant argues that the trial court erred in refusing to allow defense counsel to make a closing statement. In assignment of error two, defendant contends that the state failed to prove his identity as the perpetrator beyond a reasonable doubt.
In cases such as this, where the defendant raises issues on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should preliminarily determine the sufficiency of the evidence, before discussing the other issues raised on appeal. State v. Hearold, 603 So.2d 731, 734 (La. 1992). The sufficiency issue must be decided first because a finding of insufficient evidence to support the guilty verdict bars the retrial of a defendant based on the constitutional protection against double jeopardy. Thus, all other issues would be rendered moot. See Hudson v. Louisiana, 450 U.S. 40, 43, 101 S.Ct. 970, 972, 67 L.Ed.2d 30 (1981); State v. Hearold, 603 So.2d at 734. Accordingly, we will first determine whether the evidence was sufficient to support defendant's conviction for armed robbery.

Sufficiency of the Evidence
The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the state proved every element of the crime and defendant's identity as the perpetrator of that crime beyond a reasonable doubt. La.Code Crim. P. art. 821 & Official Revision Comment; Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Johnson, 99-2114, pp. 3-4 (La.App. 1 Cir. 12/18/00), 800 So.2d 886, 888, writ denied, XXXX-XXXX (La.12/07/01), 802 So.2d 641. Where, as here, the key issue is the defendant's identity as the perpetrator of the crime, the state is required to negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Johnson, 99-2114 at p. 4, 800 So.2d at 888. However, positive identification by only one witness may be sufficient to support a defendant's conviction. State v. Hayes, 94-2021, p. 4 (La.App. 1 Cir. 11/9/95), 665 So.2d 92, 94, writ denied, 95-3112 (La.4/18/97), 692 So.2d 440.
Where there is conflicting testimony as to factual matters, credibility of *164 witnesses is within the sound discretion of the trier of fact. An appellate court does not reweigh credibility of witnesses when reviewing sufficiency of the evidence. The trier of fact is charged with making credibility determinations and may, within the bounds of rationality, accept or reject the testimony of any witness. Thus, a reviewing court may impinge on the fact finder's discretion only to the extent necessary to guarantee the fundamental due process of law. State v. Johnson, 99-2114 at p. 4, 800 So.2d at 888.
Defendant specifically argues that the state failed to negate every reasonable probability of misidentification. Specifically, the defendant points to the following: the victim's description of the robber did not match defendant's physical characteristics, it was unlikely that the man the victim's brother saw walking near the scene was the perpetrator, and there was evidence to support defendant's alibi.
The victim in this particular case, Mrs. Harless, positively identified defendant as her perpetrator in a photographic lineup and at trial. Mrs. Harless's brother identified defendant as the same man he saw walking near his sister's business office shortly after she reported the robbery to him. The police investigation revealed that defendant, whose residence was close to the victim's business, had committed a purse snatching in the same month. A police detective further testified that the victim's description of the perpetrator generally matched that of defendant.
Although the positive identification by the victim conflicted with the defendant's testimony and that of his witnesses, the guilty verdict shows that the judge accepted Mrs. Harless's testimony identifying defendant as the perpetrator and rejected the testimony submitted by the defendant. Therefore, viewing the evidence in the light most favorable to the prosecution, we are convinced that any rational trier of fact could have concluded, beyond a reasonable doubt, that the evidence was sufficient to negate any reasonable probability of misidentification and that defendant was the perpetrator.
This assignment of error lacks merit.

Closing Argument
Defendant contends that, pursuant to State v. Moorcraft, 319 So.2d 386 (La. 1975), and Herring v. New York, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975), the trial court committed reversible error when it refused to allow defense counsel to make a closing argument. In response, the state argues that this court should adopt the dissent of Justice Summers in Moorcraft, and find that the substantial rights of defendant were not violated. Additionally, the state argues that the instant case is distinguishable from Moorcraft and Herring. The state asserts that the factual and legal issues here were not as complex as the cases cited by the defendant, and that other trial formalities, such as opening statements, were waived.
In State v. Moorcraft, the defendant was charged with failure to stop at a stop sign and resisting an officer. The trial judge refused to allow defendant's attorney an opportunity to present closing argument. The trial judge found the defendant guilty of both charges and defendant appealed. The Louisiana Supreme Court stated that defendant's rights under Article I, § 13 of the Louisiana Constitution had been violated. The supreme court also relied on Herring, which held that a state court's denial of defense counsel's closing argument violated the Sixth and Fourteenth Amendments of the United States Constitution. Additionally, the supreme court held that State v. Hollingsworth, 160 La. 26, 39-40, 106 So. 662, 667 *165 (1925), which found that a trial judge committed reversible error when he refused to hear closing argument by the defense, was still valid law. State v. Moorcraft, 319 So.2d at 388.
Although Moorcraft and Herring were decided twenty-seven years ago, the rule of law is the same. Based upon Hollingsworth, Moorcraft and Herring, the total denial of the opportunity to present closing argument in a criminal trial before a judge violates defendant's Sixth Amendment rights. Therefore, we find that the trial judge committed reversible error when he denied defense counsel's request to make a closing argument.
Accordingly, we reverse defendant's conviction, and vacate the sentence. This case is remanded for a new trial with a different judge.
CONVICTION AND SENTENCE REVERSED; CASE REMANDED FOR A NEW TRIAL.
DOWNING, J., agrees and assigns additional reasons.
DOWNING, J., assigning reasons.
In denying Mr. Davis the right to any closing argument, the trial court denied him the assistance of counsel that the Louisiana and United States constitutions guarantee him. State v. Moorcraft, 319 So.2d 386, 388 (La.1975); Herring v. New York, 422 U.S. 853, 865, 95 S.Ct. 2550, 2556, 45 L.Ed.2d 593 (1975). Denial of assistance of counsel of this nature is not subject to a prejudice/harmless error analysis. Perry v. Leeke, 488 U.S. 272, 279, 109 S.Ct. 594, 102 L.Ed.2d 624. Compare Sullivan v. Louisiana, 508 U.S. 275, 279, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993).
The right of a defendant to make closing summary arguments is one of the oldest and most fundamental trial rights recognized in law. See Herring, 422 U.S. at 860, 95 S.Ct. at 2554. In the 16th and 17th centuries, "the essence of the English criminal trial was argument between the defendant and counsel for the crown." Id. This right has continued undiluted. Herring, 422 U.S. at 860-861, 95 S.Ct. at 2554-2555. "The primary purpose of direct and cross examination of witnesses therefore `is to create the record upon which summation will be based.' (Citation omitted.)" State v. Washington, 614 So.2d 711, 713 (La.1993).
In Herring, 422 U.S. at 862, 95 S.Ct. at 2555, the Supreme Court stated, "In a criminal trial, which is in the end basically a factfinding process, no aspect of such advocacy could be more important than the opportunity finally to marshal the evidence for each side before submission of the case to judgment." The Supreme Court then observed that a presiding judge has great latitude in controlling the duration and limiting the scope of closing arguments. Id. The court continued, however, "But there can be no justification for a statute that empowers a trial judge to deny absolutely the opportunity for any closing summation at all." Herring, 422 U.S. at 863, 95 S.Ct. at 2555.
While many constitutional errors are now subject to harmless error analysis, see Sullivan, 508 U.S. 275, 113 S.Ct. 2078, the total denial of a defendant's opportunity to present closing argument is not. The primary opinion is correct in reversing the judgment of the trial court and remanding this matter for a new trial.
NOTES
[1] The Honorable Walter I. Lanier, Jr., Judge (retired), First Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.